Gerald T. Husch, ISB No. 2548
Tyler J. Anderson, ISB No. 6632
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
gth@moffatt.com
tya@moffatt.com

Attorneys for Defendant First American Title Insurance Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS JOHN FITZGERALD,<br><br>             Plaintiff,<br><br>vs.<br><br>PNC BANK, PNC MORTGAGE, A DIVISION OF PNC BANK, NA, FIRST AMERICAN TITLE INSURANCE COMPANY, PIONEER TITLE COMPANY, AND MERS, INC.<br><br>             Defendants. | Civil No. 1:10-cv-00452-MHW<br><br>**ANSWER TO COMPLAINT** |

      COMES NOW the Defendant, First American Title Insurance Company, Inc., ("First American"), by and through its undersigned counsel, and without admitting any liability or damages to Plaintiff Douglas John FitzGerald ("Plaintiff") and without assuming the burden of proof as to any issue in this litigation, answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against First American and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because, among other things, First American was not a "debt collector" subject to the FDCPA, specifically 15 U.S.C. Section 1681a(6), or a "furnisher of information to a consumer reporting agency" subject to the FCRA, specifically 15 U.S.C. Section 1681s-2, with respect to the transactions and occurrences that constitute the subject matter of Plaintiff's Complaint.

## SECOND DEFENSE

In response to the unnumbered first paragraph of Plaintiff's Complaint and footnote 1 thereto, First American states that: (a) the statements in said paragraph are characterizations of this action to which no response is required, but that if a response were required, Defendant would deny the same; (b) the documents attached to Plaintiff's Complaint speak for themselves; and (c) no notice of assignment of Caminiti's transfer of assets and liabilities to FitzGerald was possible because any such assignment would have been void and of no legal effect.

In response to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, First American denies each and every allegation contained in Plaintiff's Complaint that is not expressly and specifically admitted herein and otherwise admits, denies and alleges as follows:

1. First American denies the allegations of paragraph 1 of Plaintiff's Complaint.

**ANSWER TO COMPLAINT - 2**    Client:1797990.1

2.      First American lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 2 of Plaintiff's Complaint and therefore denies such allegations.

3.      First American denies the allegations of paragraph 3 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American.  Insofar as Plaintiff has directed the allegations of paragraph 3 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

4.      First American is not required to respond to the allegations of paragraph 4 of Plaintiff's Complaint because Plaintiff has directed such allegations solely against another Defendant in this action.  However, if First American were required to respond to said allegations, First American would admit only that MERS is an electronic registration system and would deny the remainder of the allegations of paragraph 4.

5.      First American denies the allegations of paragraph 5 of Plaintiff's Complaint, but First American admits that this Court has jurisdiction to determine whether it has jurisdiction over the subject matter of this action.

6.      The allegations of paragraph 6 of Plaintiff's Complaint constitute a self-fulfilling statement of Plaintiff's position and/or a legal conclusion and, as such, require no response.  Should a response be required, First American would deny such allegations.

7.      First American denies the allegations of paragraph 7 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American.  Insofar as Plaintiff has directed the allegations of paragraph 7 of Plaintiff's Complaint against other

Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

    8. In response to the allegations of paragraph 8 of Plaintiff's Complaint, First American states as follows:  (a) First American denies that it has ever, prior to the filing of this Answer to Complaint, alleged a debt or obligation owed to it by Plaintiff; and (b) First American lacks sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations of paragraph 8 of Plaintiff's Complaint and therefore denies such allegations.

    9. In response to the allegations of paragraph 9 of the Plaintiff's Complaint, First American states as follows:  (a) First American admits only that First American, as trustee under the deed of trust regarding the real property in question, took actions to foreclose upon the deed of trust after June 21, 2010; (b) First American denies the allegations of paragraph 9 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American, except to admit that First American continued with the foreclosure actions; and (c) Insofar as Plaintiff has directed the allegations of paragraph 9 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

    10. First American denies the allegations of paragraph 10 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American.  Insofar as Plaintiff has directed the allegations of paragraph 10 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however,

if First American were required to respond to such allegations, First American would deny such allegations.

11. First American lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 11 of Plaintiff's Complaint and therefore denies such allegations.

12. The allegations of paragraph 12 of Plaintiff's Complaint are unintelligible and require First American to guess and to speculate as to their meaning, and First American therefore objects to such allegations. Insofar as Plaintiff has directed the allegations of paragraph 12 against First American, First American denies that First American ever pursued collection of a debt against Plaintiff and denies that First American ever engaged in negative reporting to any of the agencies. Insofar as Plaintiff has directed the allegations of paragraph 12 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

13. First American denies the allegations of paragraph 13 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American. Insofar as Plaintiff has directed the allegations of paragraph 13 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations, however, if First American were required to respond to such allegations, First American would deny such allegations.

14. First American lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 14 of Plaintiff's Complaint and therefore denies such allegations.

**ANSWER TO COMPLAINT - 5**

Client:1797990.1

15. In response to the allegations of paragraph 15 of the Plaintiff's Complaint, First American states as follows: (a) Insofar as Plaintiff has directed the allegations of the first sentence of paragraph 15 against First American, First American states that it has never informed the major credit reporting agencies of anything regarding the alleged account that is the subject matter of Plaintiff's Complaint; (b) Insofar as Plaintiff has directed the remaining allegations of paragraph 15 against First American, First American denies such allegations; and (c) Insofar as Plaintiff has directed any of the allegations of paragraph 15 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

16. In response to the allegations of paragraph 16 of the Plaintiff's Complaint, First American states as follows: (a) Insofar as Plaintiff has directed the allegations of paragraph 16 against First American, First American denies that it has ever had any obligation to validate or verify the alleged debt and denies that it has violated the FDCPA; and (b) Insofar as Plaintiff has directed the allegations of paragraph 16 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

17. First American realleges the allegations set forth in paragraphs 1 through 16 above.

18. First American denies the allegations of paragraph 18 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American. Insofar as Plaintiff has directed the allegations of paragraph 18 of Plaintiff's Complaint against other

Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

19. In response to the allegations of paragraph 19 of the Plaintiff's Complaint, First American states as follows: (a) In response to the first sentence of paragraph 19 and the citations thereafter, First American states that the United States Supreme Court's recent decision in *Jerman v Carlisle*, 130 S.Ct. 1605 (2010), speaks for itself; (b) First American denies the allegations of the last sentence of paragraph 19 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American; and (c) Insofar as Plaintiff has directed the allegations of the last sentence of paragraph 19 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

20. First American denies the allegations of paragraph 20 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American. Insofar as Plaintiff has directed the allegations of paragraph 20 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however, if First American were required to respond to such allegations, First American would deny such allegations.

21. First American denies the allegations of paragraph 21 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American. Insofar as Plaintiff has directed the allegations of paragraph 21 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations; however,

if First American were required to respond to such allegations, First American would state that it lacks sufficient knowledge and information to form a belief as to the truth of such allegations and therefore denies such allegations.

22. In response to paragraph 22 of Plaintiff's Complaint, First American states that the FCRA speaks for itself.

23. First American denies the allegations of paragraph 23 of Plaintiff's Complaint insofar as Plaintiff has directed said allegations against First American. Insofar as Plaintiff has directed the allegations of paragraph 23 of Plaintiff's Complaint against other Defendants in this action, First American is not required to respond to said allegations. However, if First American were required to respond to such allegations, First American would state that it lacks sufficient knowledge and information to form a belief as to the truth of such allegations and therefore denies such allegations.

24. In response to paragraph 24 of Plaintiff's Complaint, First American states that the FCRA speaks for itself.

### THIRD DEFENSE

Any violation of law by First American, which violation is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

### FOURTH DEFENSE

Plaintiff lacks standing to bring the claims alleged in Plaintiff's Complaint.

### FIFTH DEFENSE

Even if the Court should find that First American committed the FDCPA violation alleged by Plaintiff in his Complaint, which violation is denied, said violation was *de minimis* and not the type of violation proscribed by the purpose and intent of the FDCPA.

### SIXTH DEFENSE

To the extent plaintiff is entitled to damages, which First American denies, Plaintiff's recovery is limited to statutory limitations set forth in the FDCPA and the FCRA.

### SEVENTH DEFENSE

If Plaintiff was injured or damaged, any and all such injury was a proximate result of the intervening and/or superseding acts and/or omissions of persons and/or entities not under First American's control.

### EIGHTH DEFENSE

If plaintiff was injured or damaged, any and all injury or damage was as a proximate result of acts, omissions or circumstances beyond First American's control.

### NINTH DEFENSE

If, in fact, First American performed any wrongful act, which First American specifically denies, such act was not performed knowingly, purposefully, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

### TENTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel and/or unclean hands.

### ELEVENTH DEFENSE

Any damages sustained by Plaintiff, which Damages First American denies, were the proximate result of Plaintiff's failure to mitigate his damages.

**ANSWER TO COMPLAINT - 9**　　　　　　　　　　　　　　　　　　　　　　　Client:1797990.1

## TWELFTH DEFENSE

Plaintiff filed his Complaint in connection with an action under 15 U.S.C. Section 1681n in bad faith and/or for purposes of harassment, such that First American is entitled to its reasonable attorney fees in relation to the work expended in responding to Plaintiff's Complaint.

## THIRTEENTH DEFENSE

Plaintiff has brought this action against First American 15 U.S.C. Section 1692k in bad faith and for the purpose of harassment, such that the Court may award to First American its attorney's fees reasonable in relation to the work expended and costs pursuant to 15 U.S.C. Section 1692k(a)(3).

## FOURTEENTH DEFENSE

Discovery that is yet to commence may disclose the existence of further and additional defenses.  First American, therefore, reserves the right to seek leave of this Court to amend its answer as First American deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff's Complaint be dismissed as to First American and Plaintiff take nothing thereby;

2. For First American's costs and attorney's fees and costs incurred in defending the Complaint, pursuant to 15 U.S.C. Section 1692k(a)(3), 15 U.S.C. Section 1681n(c) and/or other applicable law; and

3. For such other and further relief as the Court deems just and proper.

**ANSWER TO COMPLAINT - 10**

DATED this 12th day of October, 2010.

            MOFFATT, THOMAS, BARRETT, ROCK &
              FIELDS, CHARTERED


            By /s/_____
              Gerald T. Husch – Of the Firm
              Attorneys for Defendant
              First American Title Insurance Company

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 12th day of October, 2010, I caused a true and correct copy of the foregoing **ANSWER TO COMPLAINT** to be served by the method indicated below, and addressed to the following non-CM/ECF Registered Participant in the manner indicated:

| | |
|---|---|
| Douglas John Fitzgerald | (x) U.S. Mail, Postage Prepaid |
| PRO SE | ( ) Hand Delivered |
| 1577 N. Linder Road, #128 | ( ) Overnight Mail |
| Kuna, ID  83634 | ( ) Facsimile |

                /s/
                Gerald T. Husch

**ANSWER TO COMPLAINT - 12**                         Client:1797990.1