John C. Ward, ISB No. 1146
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
jcw@moffatt.com
24672.0002

Attorneys for Defendants PNC Bank and PNC Mortgage

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS JOHN FITZGERALD,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PNC BANK, PNC MORTGAGE, A DIVISION OF PNC BANK, NA, FIRST AMERICAN TITLE INSURANCE COMPANY, PIONEER TITLE COMPANY, AND MERS INC.,<br><br>　　　　　　Defendants. | Civil No. 10-452-MHW<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT PNC MORTGAGE'S 12(b)(6) MOTION TO DISMISS THE COMPLAINT** |

I.   INTRODUCTION

PNC Mortgage, a division of PNC Bank, National Association ("PNC") respectfully requests that this Court dismiss Plaintiff Douglas John Fitzgerald's complaint because Plaintiff fails to state a claim upon which relief can be granted.  First, Count 1 of Plaintiff's complaint fails as a matter of law because the Fair Debt Collection Practices Act does not apply to creditors like PNC.  Second, Plaintiff fails to allege any facts sufficient to support a

claim under the Fair Debt Collection Practices Act. Third, Counts 2 and 3 of Plaintiff's complaint fail as a matter of law because Plaintiff has failed to allege any facts that would trigger any duties by PNC under 15 U.S.C. § 1681s-2(b). Because none of the counts in Plaintiff's complaint state a claim upon which relief can be granted, PNC respectfully requests that this Court dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LAW AND ARGUMENT

### A. Motion To Dismiss Standard.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted when the complaint fails to state a claim upon which relief can be granted. In making this determination, all allegations of material fact are taken as true and construed in the light most favorable to the nonmovant. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Under Rule 12(b)(6), a complaint will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). In order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Furthermore, the plaintiff's complaint must be dismissed if it either (1) "lacks a cognizable legal theory," or (2) lacks "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

B. **Plaintiff Fails To State A Claim Under The Fair Debt Collection Practices Act.**

1. **The Fair Debt Collection Practices Act does not apply to creditors such as PNC.**

Plaintiff fails to state a claim under the Fair Debt Collection Practices Act ("FDCPA") because there are no allegations in the complaint that PNC is a debt collector whose conduct would be controlled by the FDCPA. Count 1 of Plaintiff's complaint alleges that PNC violated the Fair Debt Collection Practices Act (the "FDCPA"). The FDCPA only regulates conduct by a "debt collector" as that phrase is defined under the FDCPA. A "debt collector" is one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Alternatively, a "creditor" is one "who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692(a)(4). Creditors are not subject to the FDCPA because the FDCPA "does not apply to persons or businesses collecting debts on their own behalf." *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980); *see also Marlin v. Chase Cardmember Servs.*, No. 1:09-cv-192, 2009 U.S. Dist. Lexis 64382, at *4 (E.D. Cal. July 13, 2009) (noting that a "[c]reditor who is attempting to collect the debt owed to it is not a 'debt collector' under the act.").

A creditor collecting its own debt, or an agent for such a creditor, are not "debt collectors" as defined under the FDCPA. See *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) ("Further, a 'creditor' is not a 'debt collector' under the FDCPA."); *Vachagan Abed-Stephens v. First Fed. Bank Cal.*, No. CV 09-7879, 2010 U.S. Dist. Lexis 444473, at *7-8 (C.D. Cal. March 30, 2010) (dismissing the plaintiff's FDCPA claim because the FDCPA does not apply to lenders or mortgage servicers); *Thomasson v. Bank One, Louisiana, N.A.*, 137 F. Supp. 2d 721 (E.D. La. 2001) (holding that a bank is not a "debt collector" because

it primarily loans money to consumers rather than collects outstanding debts); *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389 (6th Cir. 1998) (holding that a corporation was not debt collector under the FDCPA because it was primarily engaged in the business of extending credit, even though it used interstate commerce and the mail to collect debts); *James v. Ford Motor Credit Co.*, 842 F. Supp. 1202 (D. Minn. 1994), *aff'd on other grounds*, 47 F.3d 961 (8th Cir. 1995) (concluding that automobile finance companies that loan money to prospective automobile buyers are creditors and not debt collectors because (1) the finance companies' principal business purpose was not the collection of debts, and (2) the finance companies do not generally collect debts due to others).

Plaintiff alleges that PNC is a credit lender. (Compl. ¶ 3.) Plaintiff does not, and cannot, allege that PNC is a debt collector, nor does Plaintiff allege any facts supporting such a conclusion. Plaintiff cannot allege that PNC regularly collected or attempted to collect debts owed to another or alleged to be owed to another. After construing all material allegations in the light most favorable to Plaintiff, Plaintiff fails to state a claim upon which relief can be granted under the FDCPA because Plaintiff fails to allege any facts suggesting that PNC was a debt collector whose actions were governed by the FDCPA. Therefore, Count 1 of Plaintiff's complaint should be dismissed.

2. **Plaintiff does not allege any violation of the FDCPA.**

Even assuming, for purposes of this Motion only, that the FDCPA applied to PNC, Plaintiff fails to state a claim because the complaint fails to allege any facts supporting a claim under the FDCPA. Plaintiff alleges, without any factual support, that "Defendants" "continued with collection actions," "did not validate or verify the debt or obligation," and "have continued with aggressive collection actions." (Compl. ¶¶ 9, 16, 18.) These bare legal

conclusions are not supported by any facts and are insufficient to survive the *Iqbal* pleading standard. Because Plaintiff makes absolutely no factual allegations supporting an action under the FDCPA against PNC, Plaintiff's complaint should be dismissed.

### C. Plaintiff Fails To State A Claim Under The Fair Credit Reporting Act Because Plaintiff Fails To Allege That He Notified Any Credit Reporting Agency Of A Dispute.

Counts 2 and 3 of Plaintiff's complaint allege that PNC violated the Fair Credit Reporting Act (the "FCRA"). The Ninth Circuit has held that the FCRA "expressly creates a private right of action for willful or negligent noncompliance with its requirements." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2002). However, this private right of action is limited to claims arising under 15 U.S.C. § 1681s-2(b). *Id.* The relevant statute, 15 U.S.C. § 1681s-2(b), sets forth the duties of furnishers of information upon notice of a dispute. Under the plain language of the statute, a "furnisher of information" has no duties under the FCRA until it receives notice of a dispute from a consumer reporting agency.[1] *See* 15 U.S.C. § 1681s-2(b)(1) (stating that a furnisher of information's duties upon notice of a dispute are only triggered after the furnisher receives a notice from a consumer reporting agency of a dispute regarding any information provided by the furnisher of information); *Gorman*, 584 F.3d at 1154 (noting that a furnisher of information's duties under 15 U.S.C § 1681s-2(b) are only triggered by a notice of a dispute received from a consumer reporting agency).

Therefore, the threshold question in determining whether Plaintiff has stated a claim upon which relief can be granted under 15 U.S.C. § 1681s-2(b) is whether the Plaintiff has

---

[1] A furnisher of information is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 C.F.R. § 222.41(C).

alleged enough facts to demonstrate that PNC's duties as a furnisher of information upon notice of a dispute have been triggered. Plaintiff does not allege that PNC received any notice of the disputed information from any of the consumer reporting agencies. In fact, Plaintiff alleges the opposite, that PNC "never informed the Major Credit Reporting agencies that the alleged account is in dispute." Because it is not PNC's obligation to notify the credit reporting agencies of a consumer's dispute of a credit report, Plaintiff has failed to state a claim upon which relief can be granted under the FCRA. Thus, Counts 2 and 3 of Plaintiff's complaint should be dismissed.

### III.   CONCLUSION

PNC Mortgage, a division of PNC Bank, National Association, respectfully requests that this Court dismiss Plaintiff Douglas John Fitzgerald's complaint, because Plaintiff fails to state a claim upon which relief can be granted. Count 1 of Plaintiff's complaint fails to state a claim because the FDCPA does not apply to creditors like PNC and because Plaintiff does not allege any facts sufficient to support a claim under the FDCPA. Counts 2 and 3 of Plaintiff's complaint fail to state a claim because Plaintiff has failed to allege any facts that would trigger PNC's obligation to perform any duties set forth in 15 U.S.C. § 1681s-2(b). Because Plaintiff's claims against PNC fail as a matter of law, PNC respectfully requests that this Court dismiss Plaintiff's complaint against PNC.

DATED this 21st day of October, 2010.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By_____
John C. Ward – Of the Firm
Attorneys for Defendants PNC Bank and PNC Mortgage

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of October, 2010, I filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT PNC MORTGAGE'S 12(b)(6) MOTION TO DISMISS THE COMPLAINT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gerald T. Husch
Tyler J. Anderson
MOFFATT THOMAS BARRETT ROCK & FIELDS
P.O. Box 829
Boise, ID 83701
gth@moffatt.com
tja@moffatt.com
*Attorneys for First American Title Insurance Company*

AND, I FURTHER CERTIFY that on such date I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT PNC MORTGAGE'S 12(b)(6) MOTION TO DISMISS THE COMPLAINT** on the following non-CM/ECF Registered Participants in the manner indicated:

Douglas John FitzGerald         (X) U.S. Mail, Postage Prepaid
1577 N. Linder Road #128        ( ) Hand Delivered
Kuna, ID 83634                  ( ) Overnight Mail
*Plaintiff Pro Se*              ( ) Facsimile

John C. Ward