Douglas John FitzGerald
372 South Eagle Road #376
Eagle, Idaho 83616

**U.S. COURTS**

**OCT 2 6 2010**

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **DOUGLAS JOHN FITZGERALD** | § | |
| **Plaintiff** | § | |
| | § | **CASE NO.: 1:10-cv-00452-MHW** |
| **Vs.** | § | |
| | § | |
| **PNC MORTGAGE, A DIVISION OF PNC** | § | |
| **BANK, NA, FIRST AMERICAN TITLE** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MERS INC.** | § | |
| **Defendants** | § | |

**PLAINTIFF'S ANSWER TO ANSWER TO COMPLAINT**

COMES NOW, Douglas Fitzgerald, Plaintiff, and notices the Court of his rebuttal of FIRST

AMERICAN TITLE'S answer to Complaint.

Plaintiff would assert that Defendant First American is a "debt collector" as that term is

defined in *Heintz v, Jenkins*, 514 U.S. 291, (1995). The Court stated that the Act defines the

"debt collector[s]" to whom it applies as including those who "regularly collec[t] or attemp[t] to

collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due

another §1692a(6). See, e.g Black's Law Dictionary 263 (6th ed. 1990) ("To collect a debt or

claim is to obtain payment or liquidation of it, either by personal solicitation or legal

proceedings").

FIRST AMERICAN was named as a Substitute Trustee in order to exercise the "power of

sale" clause of a Deed of Trust, which was foreclosed for the purpose of collecting a debt.

Plaintiff alleges that FIRST AMERICAN is a debt collector.

Plaintiff alleges that the document of Appointment of Successor Trustee which named FIRST AMERICAN as successor trustee is fabricated, a product of a "foreclosure mill", and was neither signed nor authorized by PNC BANK. Plaintiff questions that Teresa S. Clopp is an Authorized Officer of PNC BANK, NA., and would ask to be allowed to depose Ms. Clopp in order to ascertain her authority to appoint a successor trustee.

Plaintiff alleges that he did, in fact, have a right to contract with Ms. Caminiti for her interest in the home, Caminiti's Note and Deed of Trust. The right to contract can not be impaired. If one party to a transaction has the right to assign, transfer, or contract with another party, then both parties must have the same right. Equality under the law is paramount.

The bona fide error defense in §1692k(c) does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. *Jerman v. Carlisle*, 129 S.Ct. 2863 (2010)

Plaintiff denies he does not have standing to bring the claims contained in Plaintiff's Complaint.

Plaintiff denies he brought this suit in bad faith and demands strict proof thereof.

Plaintiff notices the Court that he disagrees with each and every other defense which Defendant FIRST AMERICAN alleges.

Plaintiff denies that he failed to state a claim and asks this court to deny a motion to dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of fact in support of his claim which would entitle him to relief.

PRAYER

Plaintiff prays for relief as follows:

1. That this Court dismiss all claims to dismiss this action;

2. That this Court issue a scheduling order so discovery can be initiated;

3. That if the Court finds that Plaintiff has not stated a claim on which relief can be granted, that the Court inform Plaintiff and allow him to amend his pleadings.

Respectfully,

Douglas Fitzgerald

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the attached Plaintiff's Answer to Answer to Complaint, was sent by U. S. Postal Service on October 22, 2010 to:

Gerald T. Hursch
MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
P. O. Box 829
Boise, Idaho 83701