UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS JOHN FITZGERALD,<br><br>     Plaintiff,<br><br> v.<br><br>PNC MORTGAGE, a division of PNC Bank, NA; FIRST AMERICAN TITLE INSURANCE COMPANY; and MERS, INC.<br>     Defendants. | Case No. 1:10-CV-452-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff Douglas John Fitzgerald's Motion to Set Aside Order Issued April 22, 2011 (Dkt. 30). Fitzgerald asks the Court to reconsider its decision dismissing Fitzgerald's claims against Defendants PNC Bank and PNC Mortgage (PNC). For the reasons set forth below the Court will deny the motion.

## ANALYSIS

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment.

*Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79–80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981).

The need to be right, however, must be balanced with the need for forward progress. While a district court may reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Here, Fitzgerald presents the Court with new evidence – a consent order signed by the eighteen Board of Directors of PNC Bank, in which PNC committed to remedying its residential real estate mortgage foreclosure processes. In the consent order, the Comptroller of the Currency of the United States of America found that PNC had

engaged in unsafe or unsound banking practices by, among other things, failing to devote sufficient resources and oversight to its foreclosure processes and allowing affidavits to be filed by its employees claiming to have personal knowledge of certain information, such as ownership of the note and the amount of principal and interest due, when in fact the affiant had no such personal knowledge. PNC neither admitted nor denied the Comptroller's findings, but it agreed to devise and adhere to an action plan and compliance program to correct the issues.

The problem with this new "evidence," however, is that it does not address the deficiencies in Fitzgerald's Complaint. In its original decision, the Court dismissed Fitzgerald's claim under the Fair Debt Collection Practices Act because PNC is not a "debt collector" under the FDCPA. As stated in the Court's April 21, 2011 decision, "[t]he definition of debt collector does not include 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity...(iii) concerns a debt which was not in default at the time it was obtained by such person.'" 15 U.S.C. § 1692(a)(6)(F)(iii). *April 21, 2011Memorandum Decision and Order* at 6-7, Dkt. 29. When PNC acquired National City Bank and thereby acquired Fitzgerald's debt, it was not in default. Thus, PNC is not a "debt collector" for purposes of this case. This fact is not changed by the Consent Order submitted by Fitzgerald.

Similarly, the Consent Order does not save Fitzgerald's claims that PNC violated the Federal Credit Reporting Act. In its April decision, the Court found that Fitzgerald could not assert a claim under the FCRA unless he could allege that a consumer reporting agency notified PNC that Fitzgerald disputed the debt. Fitzgerald makes no such

allegation and the Consent Order does not speak to that issue. The Court therefore finds no reason to set asides its prior decision dismissing PNC.

## ORDER

**IT IS ORDERED that** Plaintiff Douglas John Fitzgerald's Motion to Set Aside Order Issued April 22, 2011 (Dkt. 30) is DENIED.



DATED: July 27, 2011

B. Lynn Winmill
Chief Judge
United States District Court